IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELDON POTTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-844-GMS |
| | ) |
| CHRIS SENATO, MELVIN HENNESY, | ) |
| MICHAEL DELOY, and RICHARD | ) |
| KEARNEY, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM**

Plaintiff Eldon Potts ("Potts"), a prisoner incarcerated at the Sussex Correctional Institute ("SCI"), Georgetown, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.  THE COMPLAINT**

Potts alleges the defendants violated his right to due process. His claim centers around disciplinary charges he received as a result of an occurrence on November 4, 2005. He alleges that F/S Officer Evans ("Evans") was preparing disciplinary charges against him for disrespect and failure to obey an order – charges that are considered class II "less serious charges" – and that while she was preparing the charges, she discussed the matter with defendant Chris Senato ("Senato"). Potts alleges that after Evans left, Senato prepared a second disciplinary report which brought charges of disorderly or threatening behavior – class I charges considered "more serious charges." Potts alleges that Senato changed the wording on the charges to make the

punishment "more severe."

A hearing on the matter was set for November 9, 2005. Defendant Melvin Hennesy ("Hennesy") presided over the hearing. Potts alleges that Hennesy denied his request that Senato not be present at the hearing. Potts requested that five individuals be called as witnesses. These witnesses consisted of the truck crew present at the time of the incident. Potts alleges that Hennesy only called three of the five witnesses and that Hennesy left it up to Senato who could be called as a witness. Potts alleges that Senato was present at the hearing, interrupted him while he testified, selected the names of the individuals to be called as Potts' witnesses, and stayed with Hennesy while Hennesy drafted his findings. Potts alleges that Hennesy failed to state in writing why all his witnesses were not called. The plaintiff also complains that he was not allowed to confront his accuser, Officer Evans. Following the hearing Potts received a written disposition signed by Hennesy. Potts was sanctioned ten days loss of all privileges and was reclassified to a higher security classification.

Potts filed an appeal with defendant Michael Deloy ("Deloy") and defendant Warden Richard Kearney ("Warden Kearney"), but it was denied. Potts alleges that Deloy and Kearney violated his right to due process when they refused to overturn his disciplinary conviction knowing that Potts' due process rights had been violated during the disciplinary proceedings.

Potts seeks declaratory and injunctive relief and compensatory and punitive damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

Potts alleges that he was not afforded his right to due process with respect to the disciplinary charges lodged against him. To the extent that Potts alleges that Senato falsified the disciplinary charges, it is noted that the filing of a false disciplinary charge and related disciplinary sanction does not, without more, violate due process. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).

The requirements of due process in prison disciplinary hearings are that an inmate is

entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71. Inmates, however, do not have an absolute federal constitutionally-protected right to confront and cross-examine witnesses at their prison disciplinary hearings. *Id.* at 567-68. *See also Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976); *Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir. 1991). Notably, to be entitled to procedural due process protections as set forth in *Wolff,* a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558.

Additionally, a right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in *Wolff. Garfield v. Davis*, 566 F.Supp. 1069, 1074 (E.D.Pa. 1983); *Greer v. DeRobertis*, 568 F.Supp. 1370 (N.D.Ill.1983). Indeed, *Wolff* and its progeny, which have clearly enumerated the requirements for disciplinary proceedings, have never included the right to appeal or file a grievance after a proceeding. *See Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill. 1982).

Potts' allegations do not rise to the level of a due process violation. In compliance with *Wolff*, a hearing was held on the charges brought against Potts, he was allowed to call witnesses, and Hennesy prepared a written statement of his findings. Potts' other claims of error are not constitutionally protected. He did not have an absolute federal constitutionally-protected right to confront and cross-examine witnesses at his prison disciplinary hearing. Further, the right of appeal is not included in the due process rights enumerated in *Wolff,* nor is the right of an inmate

to determine who or who will not be present at the hearing. Similarly, there is no right to a written explanation of why certain witnesses were not called.

Also, because Potts was not deprived of a protected liberty interest he is not entitled to the due process protections in *Wolff*. The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484). For example, a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. *Griffin*, 112 F.3d at 706-09; *see Sack v. Canino*, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D.Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). Potts' sanction of ten days loss of privileges and reclassification to a higher security level clearly does not implicate a protected liberty interest.

Based upon the foregoing, Potts' due process allegations are not cognizable as § 1983 claims under the holdings of either *Wolff* or *Sandin*. Accordingly, the claim has no arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV. CONCLUSION

For the above stated reasons the court finds that the complaint is legally and factually

frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March 9, 2006
Wilmington, Delaware



FILED
MAR 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELDON POTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-844-GMS |
| | ) |
| CHRIS SENATO, MELVIN HENNESY, MICHAEL DELOY, and RICHARD KEARNEY, | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 9th day of March, 2006, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally and factually frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE



FILED
MAR 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE